GLOBE NEWSPAPER COMPANY & another[1] *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY RETIREMENT BOARD & another.[2] November 3, 1993. *Massachusetts Bay Transportation Authority*, Retirement. *Public Records.*

The defendant board and its executive director (board) appeal from a determination by a Superior Court judge that its records are public records under G. L. c. 66, § 10 (1992 ed.). On cross motions for summary judgment below, the judge denied the board's motion and allowed the plaintiffs' motion. We granted the board's application for direct appellate review. We reverse and order that a declaration be entered in the Superior Court that the board's records are not public records.

The public records law, G. L. c. 66, § 10, deems public any record which is "made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division, or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose." G. L. c. 4, § 7, Twenty-sixth (1992 ed.). The board asserts that this case is governed by our opinion in *Massachusetts Bay Transp. Auth. Retirement Bd.* v. *State Ethics Comm'n*, 414 Mass. 582 (1993). We agree.

The Globe Newspaper Company (Globe) argues that the board is a "board" of the Massachusetts Bay Transportation Authority (MBTA), an authority of the Commonwealth and therefore its records are public records. In *Massachusetts Bay Transp. Auth. Retirement Bd.*, *supra* at 587, 589, we set forth the factors to be considered: (1) the means by which the board was created; (2) whether the board performs some essentially governmental function; (3) whether the board receives or expends public funds; (4) the involvement of private interests; and (5) the extent of control and supervision exercised by government officials, agencies, or authorities over the board. In *Massachusetts Bay Transp. Auth. Retirement Bd.*, *supra*, we noted that the board was created pursuant to a collective bargaining agreement between the Metropolitan Transit Authority (the MBTA's predecessor) and Local 589, Amalgamated Transit Union (*id.* at 589-590); that as the administrator of the MBTA pension plan, the board performs a fiducial, not a governmental function (*id.* at 590); that the funds which the board receives from the MBTA, like wages, become private once they are transferred out of the MBTA's custody (*id.* at 590-591); and that the fact that the MBTA appoints three of the seven board members does not give it control over the board because the votes of two of the three employee appointees are required to authorize any affirmative board action (*id.* at 591-592). Because the board is not a "board" of the MBTA, its records are not public records under G. L. c. 66, § 10.

---

[1] Gerald M. O'Neill.

[2] The executive director of the Massachusetts Bay Transportation Authority Retirement Board.

The judgment of the Superior Court is vacated and the matter is remanded to the Superior Court where a declaration shall enter that the records of the MBTA Retirement Board are not public records as defined in G. L. c. 66, § 10.

*So ordered.*

*Carl Valvo* for the defendants.
*Joanne D'Alcomo* for the plaintiffs.